# EXHIBIT A

BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In re: Valsartan, Losartan, and Irbesartan )      HON. ROBERT B. KUGLER
Products liability Litigation )      Civil No. 19-2875 (RBK/JS)
)
_____ )

**<u>RESPONSE OF PLAINTIFF MAKAYLA HERNANDEZ IN OPPOSITION TO
DEFENDANTS' MOTION TO TRANSFER ACTION TO THE DISTRICT OF
NEW JERSEY PURSUANT TO U.S.C. § 1407 FOR COORDINATED
OR CONSOLIDATED PRETRIAL PROCEEDINGS</u>**

Pursuant to Rule 6.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Plaintiff, MAKAYLA HERNANDEZ, as the Personal Representative of the Estate of ROSE MARIE HERNANDEZ ("Plaintiff") respectfully submits Response of Plaintiff Makayla Hernandez in Opposition to Defendants' Motion to Transfer Action to the District of New Jersey Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings.

## **BACKGROUND**

Plaintiff filed this action in the Tenth Judicial Circuit In and For Polk County, Florida, on September 21, 2020, in response to her mother's death, which occurred after ingesting Losartan HCTZ and going into respiratory shock. Specifically, Plaintiff alleged that the boxed warnings did not adequately warn the Decedent, ROSE MARIE HERNANDEZ ("Decedent"), of the dangers associated with the ingestion of the Losartan HCTZ 50-12.5 mg oral tablets ("the drug"). Plaintiff alleged that Defendants, CVS PHARMACY, INC. and AUROBINDO PHARMA USA, INC. (collectively "Defendants," individually "CVS" and "APUSA," respectively) failed to warn Decedent of the associated risk and possibility of death following the use of the drug. Crucially, Plaintiff does not make any mention of the carcinogenic characteristics of the drug. On October 15, 2020, Defendant CVS removed this action to the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1332 and 1441 based on diversity of citizenship. Upon removal to

the Middle District of Tampa, Defendant CVS filed a Notice of Potential Tag-Along Action in accordance with Rule 7.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation. Importantly, on October 22, 2020, Clerk of the Panel John W. Nichols entered a "text only entry" on the MDL No. 2875 docket stating "[t]he Clerk of the Panel has determined the listed action(s) is not appropriate for inclusion in this MDL" and cited to this action, case number 8:20-cv-02409-T-36JSS. Subsequently, Defendants filed a Joint Motion to Transfer this action to the United States Judicial Panel on Multidistrict Litigation.

Throughout the actions that have been included in MDL No. 2875, it is consistently stated by the parties that their actions were filed following the discovery of the chemical compound NDMA N-Nitrosodimethlyamine ("NDMA"), along with NDEA N-Nitrosodiethylamine – both of which are potent carcinogens – within the drugs being distributed by the Defendant manufacturers and retailers. (Dkt. 396, attachment 2, pg. 6; Dkt. 402, attachment 3, pgs. 13-15; Dkt. 403, attachment 2, pg. 7; Dkt. 416, attachment 2, pg. 8; Dkt. 429, attachment 1, pg. 3; Dkt. 430, attachment 3, pg. 8; Dkt. 442, attachment 3, pg. 5; Dkt. 448, attachment 3, pg. 7). The allegations and counts contained within Plaintiff Makayla Hernandez's Complaint allege a different case, one that does not fall within the purview of MDL No. 2875, nor do they even come close.

**ARGUMENT**

Plaintiff's action should not be transferred to MDL No. 2875 because the issues raised in this matter do not arise from a common factual core that make them similar to the actions already contained within MDL No. 2875. Specifically, the allegations in this matter – failure to warn of death due to respiratory shock – do not relate to the allegations in other cases already included in MDL No. 2875 – that being the drugs at issue contained carcinogenic aspects. Furthermore, transferring this action to

2

MDL No. 2875 will not expedite discovery and promote efficiency, as MDL No. 2875 deals with drastically different factual issues and legal theories.

I. **THIS MATTER SHOULD NOT BE TRANSFERRED TO MDL NO. 2875 BECAUSE THIS MATTER RELIES ON A SEPARATE FACTUAL CORE THAN OTHER ACTIONS IN MDL NO. 2875**

In order for a case to be considered part of a JPML action and properly transferred pursuant to 28 U.S.C.S. § 1407, there must be "civil actions involving one or more common questions of fact that are pending in different districts[.]" *See In re Bear Creek Techs., Inc., (722) Patent Litig.*, 858 F. Supp. 2d 1375, 1376 (J.P.M.L. 2012); *see also* 28 U.S.C. § 1407(a). While § 1407 "does not require a complete identity of common factual issues as a prerequisite to transfer, and the presence of additional facts or differing legal theories is not significant when the actions still arise from a common factual core," *In re Blue Cross Blue Shield Antitrust Litigation*, 908 F. Supp. 2d 1373, 1376 (J.P.M.L. 2012), the issues raised in this matter do not arise from common factual issues detailed in other cases that are included in MDL No. 2875. This matter does not deal with the inclusion of carcinogens in the drug, but rather deals with the warnings provided regarding the risk of the individual to go into respiratory shock after ingestion. Absolutely no relation can be made because there simply is none.

While Defendants attempt to group this case in with others, this case stands alone. Factually, this case differs, as the available evidence has not shown an injury suffered by Decedent that was derived from the carcinogenic nature of the drug. Using the questions presented in Defendants' Brief, it is easy to determine that this case is not one that should be included in these proceedings. First, the defective nature of the drug is a different question when it comes to this case. Plaintiff does not allege that the Losartan ingested by Decedent was in a defective condition due to the carcinogenic nature of the drug, but rather that the boxed warnings did not provide adequate information regarding the associated risk of death due to respiratory shock. Secondly, Defendants' knowledge is not a main factual issue, as

3

Plaintiff has pleaded strict liability for the defective nature of the drug. Third, the alleged defects claimed by others will not produce information regarding Plaintiff's specific causes of action because Plaintiff is not necessarily concerned with the carcinogenic nature of the drug, but rather the lack of any warning regarding death due to respiratory shock. Plaintiff also does not allege any breach of warranty or warranties at this time. Lastly, Plaintiff's damages will differ from those of the parties included in MDL No. 2875 in that Plaintiff is alleging a different factual core and, as such, seeking different fact-based damages. Therefore, this Honorable Panel should deny Defendants' Joint Motion to Transfer, as there is no common factual core or relation to other actions pending in MDL No. 2875.

II. **THIS MATTER SHOULD NOT BE TRANSFERRED TO MDL NO. 2875 BECAUSE THE TRANSFER WILL NOT PROMOTE JUDICIAL EFFICIENCY AND EXPEDITE THE DISCOVERY PROCESS**

The main reason an action is transferred pursuant to 28 U.S.C.S. § 1407 is "for the convenience of parties and witnesses" and to help "promote the just and efficient conduct of such actions." 28 U.S.C.S. § 1407. Since this case relies on a different factual core than other actions in MDL No. 2875, the efficiency, convenience, and promotion of just conduct will not benefit this action and, instead, hamper litigation. This action involves drastically different factual matters and, while still a products liability case, a much different assertion than actions included in MDL No. 2875. The evidence to support the carcinogenic nature of the drugs at issue will do nothing to benefit Plaintiff's case. The evidence produced by MDL No. 2875 will not be useful to Plaintiff but will only cause this action to move slower through the system. Therefore, since the very crux of § 1407 is to promote such judicial efficiency, this Honorable Panel should refrain from including this action in MDL No. 2875.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests this Honorable Panel deny Defendants' Motion to Transfer and allow this case to proceed in the Middle District of Florida.

4

Respectfully submitted this 23rd day of November 2020.

                                              THE PANSLER LAW FIRM, P.A.

By: _____
KARL F. PANSLER
Florida Bar No.: 722618
CHRISTOPHER ISON
Florida Bar No.: 72552
223 N. Florida Avenue
Lakeland, FL 33801
Telephone: 863-683-7500
Facsimile: 863-284-0774
Attorneys for Plaintiff
Email: Karl@pansler.com
Christopher@pansler.com

*Attorneys for Plaintiff Makayla Hernandez*

5