# EXHIBIT B

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN
PRODUCTS LIABILITY LITIGATION                MDL No. 2875

ORDER DENYING TRANSFER

**Before the Panel:** Defendants Aurobindo Pharma USA, Inc. and CVS Pharmacy, Inc., move under 28 U.S.C. § 1407(c) to transfer the action listed on Schedule A (*Hernandez*) to the District of New Jersey for inclusion in MDL No. 2875. Plaintiff opposes the motion.

After considering the argument of counsel, we deny the motion to transfer. *Hernandez* does not share a common factual core with the actions in the MDL sufficient to support transfer. When we established this MDL, we explained that the alleged presence of nitrosamine impurities in the valsartan products and associated health risks provided the common factual core warranting centralization – specifically, that the "common factual questions aris[e] out of allegations that plaintiffs purchased or used generic formulations of valsartan medications containing the nitrosamine impurities NDMA and/or NDEA; that these impurities present a risk of cancer and liver damage; and that defendants knew, or should have known, of the impurities as early as 2012."[1] Subsequently, we "expand[ed] the scope of MDL No. 2875 to include actions alleging that losartan and irbesartan contain nitrosamine impurities."[2]

---

[1] *See In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prods. Liab. Litig.*, 363 F. Supp. 3d 1378 (J.P.M.L. 2019).

[2] *See In re Valsartan Prods. Liab. Litig.*, 433 F. Supp. 3d 1349, 1352-53 (J.P.M.L. 2019). In expanding the scope of the MDL, we further explained how the common factual questions pertain to the alleged nitrosamine impurities as follows:

> The Panel originally centralized actions alleging that "plaintiffs purchased or used generic formulations of valsartan medications *containing the nitrosamine impurities NDMA and/or NDEA*." The losartan and irbesartan actions present common questions of fact arising from the allegation that the same or substantially similar manufacturing processes are used in the production of valsartan, losartan, and irbesartan *and result in the formation of nitrosamine impurities in the same manner*. Thus, the valsartan, losartan, and irbesartan actions will present common factual questions *as to the cause of the nitrosamine impurities and, in particular, alleged common defects in the manufacturing process; when defendants knew or*

(continued...)

-2-

Unlike the actions in MDL No. 2875, *Hernandez* does not allege that the losartan ingested by the decedent contained nitrosamine impurities or an injury allegedly linked to nitrosamines. Instead, plaintiff alleges that the decedent suffered respiratory shock and died shortly after ingesting losartan for the first time and that the boxed warnings on the product failed to provide adequate warning of these risks. The *Hernandez* complaint has no express or implied reference to the presence of impurities of any kind in the losartan ingested by decedent or suggest that her injuries were linked to the presence of nitrosamines. Plaintiff's briefing before the Panel further confirms that her action is unrelated to the presence of nitrosamines in losartan.[3] Although defendants contend that there could be overlapping discovery as to the regulatory background of losartan, the Panel finds those similarities insufficient to justify transfer, given that the nature of the alleged defect in *Hernandez* is categorically different from the defects alleged in the MDL. Defendants additionally argue that transfer is warranted because plaintiff may amend her complaint in the future to include nitrosamine-related claims. Such speculation is insufficient to support transfer. Moreover, in the event that the nature of the claims in *Hernandez* changes, defendants may re-notice the action as a potential tag-along action.

IT IS THEREFORE ORDERED that defendants' motion to transfer the *Hernandez* action is denied.

PANEL ON MULTIDISTRICT LITIGATION

_Karen K. Caldwell_
Karen K. Caldwell
Chair

Catherine D. Perry      Nathaniel M. Gorton
Matthew F. Kennelly      David C. Norton
Roger T. Benitez      Dale A. Kimball

---

*should have known of the impurities; and whether the amounts of nitrosamines in the medications presented a risk of cancer or other injuries.*

*See id.* at 1352 (emphasis added) (quoting *In re Valsartan*, 363 F. Supp. 3d at 1380).

[3]      *See* Pl.'s Resp., Doc. No. 619, at 3 (J.P.M.L. Nov. 23, 2020) ("[t]his matter does not deal with the inclusion of carcinogens in the drug [losartan], but rather deals with the warnings provided regarding the risk of the individual to go into respiratory shock after ingestion").

**IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN
PRODUCTS LIABILITY LITIGATION**                        MDL No. 2875

## SCHEDULE A

Middle District of Florida

HERNANDEZ v. CVS PHARMACY, INC., C.A. No. 8:20-02409