UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | | |
|---|---|---|
| MAKAYLA HERNANDEZ, as the Personal Representative of the Estate of ROSE MARIE HERNANDEZ, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 8:20-CV-02409-CEH-JSS |
| vs. | ) ) | |
| AUROBINDO PHARMA USA, INC. and CVS PHARMACY, INC., | ) ) ) | |
| Defendants. | | |

# **CVS PHARMACY, INC.'S REPLY BRIEF**

Defendant CVS Pharmacy, Inc. ("CVS") submits this reply, with leave of the Court [DE 46], in support of its Motion for Judgment on the Pleadings [DE 37] ("CVS Br.").[1]

## I. Plaintiff's Claims Are Preempted By Federal Law

### A. Plaintiff's claims are failure-to-warn claims.

Although Plaintiff attempts to recast her complaint by arguing her claims are not failure-to-warn claims, her prior statements to this Court and to the Judicial Panel on Multidistrict Litigation say otherwise. Plaintiff has stated, in no uncertain terms, that the allegations in this case concern Aurobindo's and CVS's alleged "failure to warn of death due to respiratory shock." Ex. A to CVS Br. at 2. The JPML, following a review of the pleadings, credited that argument in determining that Plaintiff's case should not be transferred to the pending *Valsartan MDL*. *See* Ex. B. to CVS Br. at 2; *see also* Aurobindo Reply at 1-2 (outlining numerous ways in which Plaintiff has made clear that her claims are failure-to-warn claims). Indeed, even in opposition to CVS's motion, Plaintiff argues that she asserts claims based on a "defective product," but fails to articulate what the alleged defect is, if not a warnings defect. Plaintiff's Opposition to

---

[1] CVS also hereby incorporates and relies on the arguments asserted by co-defendant Aurobindo Pharma USA, Inc. ("Aurobindo") in its Motion for Judgment on the Pleading [DE 35] ("Aurobindo Br.") and reply [DE 48] ("Aurobindo Reply").

1

Defendants' Motion for Judgment on the Pleadings [DE 43] ("Plt. Opp.") at 4.[2] This is telling; it underscores that there is no alternative theory of liability in this case.

### B. The form of Plaintiff's pleadings does not change the preemption analysis.

Plaintiff also argues that her claims are not preempted because she has asserted negligence claims and wrongful death claims, and because her claims are rooted in common law, not statute. But federal case law is clear that preemption applies regardless of the specific cause of action pleaded and regardless of whether the claims asserted are statutory or common law in nature. *See Bartlett*, 570 U.S. at 475-76 (reasoning that, "[i]n violating a common-law duty, as surely as by violating a statutory duty, a party contravenes the [federal] law" such that the claims are preempted); *see also Guarino v. Wyeth, LLC*, 719 F.3d 1245 (11th Cir. 2013) (finding, *inter alia*, Florida claims of negligence and strict liability against generic manufacturer preempted by federal law); *In re Zantac (Ranitidine) Products Liability Litigation*, --- F. Supp. 3d ---, 2020 WL 7864585, at *13 (S.D. Fla. Dec. 31, 2020) (Rosenberg, J.) (dismissing, *inter alia*, claims of strict liability and negligence against retail pharmacies because they "have no ability to alter a label or alter a drug's design"); CVS Br. at 12-13. In other words, it makes no difference if Plaintiff's claims arise under a statutory or common law duty because,

---

[2] Even if Plaintiff challenged the design of the losartan consumed by the Decedent, that claim would also be preempted for the reasons set forth in CVS's opening brief. CVS Br. at 10-11; *see also Mutual Pharm. Co. v. Bartlett*, 570 U.S. 472 (2013) (finding design defect claims asserted against a generic drug manufacturer to be preempted).

2

if a party "cannot satisfy its state duties without the Federal Government's special permission and assistance, which is dependent on the exercise of judgment by a federal agency, that party cannot independently satisfy those state duties for pre-emption purposes." *Mensing*, 564 U.S. at 623-24.

Here, whether pleaded as a strict liability claim, a negligence claim, or a wrongful death claim (derivative in nature), Plaintiff's claims are all preempted because they fundamentally rely on the theory that CVS should have strengthened or altered the warnings of the losartan dispensed to Decedent. Federal law prohibits CVS, as a non-NDA holder, from doing so. *See* CVS Br. at 9-10. Thus, Plaintiff's claims against CVS are preempted. *Id*. at 11-12.

### C. Plaintiff's claims conflict with federal law.

Finally, Plaintiff relies on *Wyeth v. Levine*, 555 U.S. 555 (2009) to argue that there is no preemption in this case because the "federal and state law duties do not conflict." Plt. Opp. at 11-13. This argument fundamentally misunderstands or misstates the universe of preemption case law applicable here.

In *Wyeth*, the Supreme Court specifically considered the question whether a "brand-name" drug manufacturer (*i.e.*, the NDA holder) could be held liable for failure to warn of a risk. The Supreme Court held that preemption was inappropriate in *Levine* because brand-name manufacturers *can* unilaterally strengthen drug labels in certain circumstances (*i.e.*, through the "changes being effected" regulation), making compliance with both state and federal law possible in that case. *See Levine*, 555 U.S. at 573. The *Wyeth* decision does not govern the

3

preemption analysis for a pharmacy like CVS, which does *not* manufacture losartan, does not hold the NDA, and cannot unilaterally change the label. *See, e.g.*, *In re Zantac*, 2020 WL 7864585, at *13 (noting that pharmacies have no ability to alter a drug's design or label, and finding claims against them preempted); *Smith v. Teva Pharm. USA, Inc.*, 437 F. Supp. 3d 1159, 1165-66 (S.D. Fla. 2020) (same). Courts that have considered this issue have found that the claims against pharmacies are preempted. *See* CVS Br. at 13-15 (citing *Zantac*, *Smith*, and additional authority holding that failure-to-warn and design defect claims against pharmacies are preempted).

Moreover, Supreme Court precedent is clear that Plaintiff's conjecture regarding whether imposing liability on CVS and Aurobindo is or is not consistent with federal objectives does not change the conflict preemption analysis for generic drugs.³ *Mensing*, 564 U.S. at 614-15 (holding that the conflict exists and the claims were preempted, regardless of plaintiff's conjecture regarding what might have

---

³ Plaintiff also essentially argues that she should be permitted to assert her claims because it would be unfair to dismiss the case. *See* Plt. Opp. at 2-3, 15-16 (stating facts not pleaded in the Complaint to describe Decedent's alleged ingestion of and reaction to the losartan, including a description of Decedent's treatment and death after being taken to the hospital); *id.* at 12-13 (discussing "the rights of corporations over the individual liberties and lives of citizens" under the due process clause). But Plaintiff's claims are preempted under a straightforward application of the case law, even if it leaves Plaintiff without a remedy. *See Mensing*, 564 U.S. at 625 (acknowledging "the unfortunate hand that federal drug regulation has dealt" to some consumers, who may be left without a remedy, and leaving further review of the statutory scheme to Congress); *Bartlett*, 570 U.S. at 490, 493 (holding that "[s]ympathy for respondent" did not alter the Court's preemption analysis); *see also Metz v. Wyeth*, 830 F. Supp. 2d 1291, 1294 (M.D. Fla. 2011) ("Tellingly, the Supreme Court in *Mensing* appeared to contemplate that consumers of generic drugs may be without a remedy[.]").

4

happened had the generic manufacturer in that case proposed a label change); *id.* (rejecting the argument that conflict preemption only applies if the generic manufacturer can prove it tried to change the label). Indeed, even assuming that such an argument could be made with respect to a generic manufacturer, it would have no logical application to CVS, which holds neither the NDA nor the ANDA.[4]

## II. Plaintiff's Claims Against CVS Fail Under Florida Law

Even if they were not preempted, Plaintiff's claims against CVS also fail under Florida law, which does not permit strict liability claims against pharmacies that are alleged to have done nothing more than dispense a drug pursuant to physician order. *See McLeod v. W.S. Merrell Co.*, 174 So. 2d 736, 739 (Fla. 1965).

Plaintiff attempts to limit the scope of this precedent by arguing that the reasoning in *McLeod* was limited to the specific facts and cause of action (breach of implied warranty) alleged in that case. Plt. Opp. at 14-15. But the facts in *McLeod* are nearly identical to those pleaded in this case. Although the Plaintiff in *McLeod* asserted a breach of implied warranty claim, the *McLeod* Court generally considered whether, under Florida public policy, "a retail druggist who properly fills a prescription . . . with an unadulterated drug" should be held strictly liable for

---

[4] At various points in her opposition, Plaintiff attempts to obscure the Court's preemption analysis by improperly lumping CVS and Aurobindo together as "Defendants" for purposes of arguing that the claims are not preempted because, she argues, generic manufacturers can be held liable for not changing or proposing changes to drug labels. *See generally* Plt. Opp. § II. The pleadings, however, are clear that CVS is not a manufacturer of losartan, and Plaintiff does not allege otherwise. The law is clear that CVS, as a pharmacy in the supply chain, has no authority to change the labeling of an FDA-approved drug that it dispenses. *See, e.g.*, *In re Zantac*, 2020 WL 7864585, at *13.

5

any "harmful effects" it has on the patient. *McLeod*, 174 So. 2d at 737-38. The Court held the claims failed under Florida law, reasoning that "the concept of ***strict liability without fault should not be applied to the prescription druggist.***" *Id.* (emphasis added).

The *Clay* decision, which Plaintiff relies on in arguing that *McLeod* should be narrowly applied, held no different. *Clay v. Wyeth*, 2004 WL 7330338 (M.D. Fla. Aug. 17, 2004) (Jones, J.). Like *McLeod*, the *Clay* court also noted that Florida courts "have refrained from applying the doctrine [of strict liability] to prescriptions druggists." *Id.* at *11; *see also Fontanez v. Parenteral Therapy Assocs.*, 974 So. 2d 1101, 1105 (Fla. Dist. Ct. App. 2007) ("[T]he imposition of strict liability on a pharmacist simply dispensing a prescription drug would improperly convert retail pharmacists into insurers of the safety of the manufactured drug."). Plaintiff's claims against CVS are no different than those in *McLeod*. Just as in *McLeod*, CVS cannot be liable for merely dispensing a prescription to Decedent.

Plaintiff's attempts to distinguish her negligence claims fare no better. First, Plaintiff's negligence claims are no different than her strict liability claim. Count VII of Plaintiff's Complaint is titled "Negligent Failure to Warn—As To CVS," and alleges no independent conduct or action, other than CVS's failure to provide additional warnings to Decedent regarding the risk of losartan use. Compl. [DE 1-1] at 25. Similarly, Count VIII, titled "Wrongful Death," restates the basis for Plaintiff's strict liability claim. *See id.* ¶¶ 99-100 (alleging CVS breached these

duties by failing to warn of the drug's risk). Functionally, the claims are no different than the strict liability claim, and similarly fail under *McLeod*.

Moreover, Plaintiff's negligence claim against CVS fails because Florida law does not impose a general duty to warn on pharmacies or pharmacists. CVS cited numerous cases in its brief establishing that claims such as Plaintiff's should be dismissed where they depend on a theory that the pharmacy failed to warn of a latent defect or risk prior to dispensing the medication, CVS Br. at 19-20, and Plaintiff cites no contrary law establishing that a pharmacy breaches a duty in simply filling a valid prescription. This District has previously declined "to impose a duty on a pharmacy to second guess a doctor's prescription if the prescription itself is not patently flawed or does not impose an obvious risk of death." *Bustetter v. Armor Corr. Health Servs.*, 919 F. Supp. 2d 1282, 1294 (M.D. Fla. 2013) (Bucklew, J.) (distinguishing cases in which the prescription was facially invalid, or contrary to a patient's known allergy). The Court should do so again here.

Finally, Plaintiff does not attempt to refute that her wrongful death claims are derivative in nature. *See Laizure v. Avante at Leesburg, Inc.*, 109 So. 3d 752, 769 (Fla. 2013). Because her claims of strict liability and negligence fail as a matter of law, so too must her wrongful death claim.

### III. Conclusion

For all these reasons, and those set forth in CVS's opening brief, the Court should grant CVS's motion for judgment on the pleadings and dismiss the Complaint with prejudice.

|  |  |
|---|---|
| May 13, 2021, | Respectfully submitted, |

BY: **/s/ Robert C. Folland**
**BARNES & THORNBURG LLP**
ROBERT C. FOLLAND
Florida Bar No. 1007951
4540 PGA Blvd., Ste. 208
Palm Beach Gardens, Florida 33418
Phone: (561) 473-7560
Fax: (561) 473-7561
Email: rob.folland@btlaw.com

KRISTEN L. RICHER (*pro hac vice*)
California Bar No. 315883
2029 Century park East, Suite 300
Los Angeles, California 90067
Phone: (310) 284-3896
Fax: (310) 284-3894
Email: kristen.richer@btlaw.com

ATTORNEYS FOR DEFENDANT
CVS PHARMACY, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will serve notice on all parties of record.

<em>s/Robert C. Folland</em>