NITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| MAKAYLA HERNANDEZ, as the Personal Representative of the Estate of ROSE MARIE HERNANDEZ, | ) ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| | ) | Cause No. 8:20-CV-02409-CEH-JSS |
| vs. | ) ) | |
| AUROBINDO PHARMA USA, INC.; CVS PHARMACY, INC., | ) ) ) | |
| Defendants. | | |

## CVS PHARMACY, INC.'S REQUEST FOR JUDICIAL NOTICE AND MEMORANDUM OF LAW IN SUPPORT THEREOF

As permitted by the Court at the November 23, 2021 hearing and the Court's following Minute Entry [Doc. 72], Defendant CVS Pharmacy, Inc. ("CVS") hereby respectfully requests the Court take judicial notice of the adjudicative facts that (1) CVS is not a manufacturer of the losartan at issue in this case for purposes of its pending Motion for Judgment on the Pleadings [Doc. 37], and (2) that the losartan at issue is a generic drug. The Court's authority to take judicial notice of these facts, and the regulatory materials supporting these findings, is set forth in CVS accompanying memorandum of law, which is incorporated herein.

## MEMORANDUM OF LAW

On November 23, 2021, the Court heard oral argument on Defendants' CVS and Aurobindo's respective Motions for Judgment on the Pleadings,[1] which argued that Plaintiff's claims concern generic losartan and are preempted pursuant to binding federal precedent.[2] During oral argument, and by Minute Order following the argument, the Court requested that Defendants provide the Court with any authority supporting the proposition that the generic status of the losartan HCTZ at issue in this litigation is subject to judicial notice. *See* Court's Nov. 23 Minute Entry [Doc. 72] at 2.

Pursuant to the Court's instruction, CVS hereby submits the following authorities and federal regulatory materials, which are routinely and appropriately the subject of judicial notice, and requests that the Court take judicial notice of the following facts: (1) that CVS is not and was never a manufacturer of the losartan HCTZ at issue in this case, which is further supported by Plaintiff's own pleadings regarding CVS, and (2) that the losartan HCTZ at issue is a generic drug, manufactured by Aurobindo Pharma.

Specifically, and as further explained below, the pleadings already establish CVS's relation to the losartan at issue—it was a mere dispensing pharmacy. CVS's

---

[1] In further support of its motion, CVS incorporates the facts from its Motion for Judgment on the Pleadings. *See* CVS Motion [Doc. 37] at 3-5.

[2] CVS also argued that Plaintiff's claims, as pleaded, are barred by Florida Law. *See* CVS Motion [Doc. 37] at 17-23.

status is further confirmed by publicly available U.S. Food and Drug Administration records and publications, which firmly show that CVS is not a manufacturer of losartan and thus has no ability to alter its labels or warnings.[3] Further, these same regulatory materials confirm co-defendant Aurobindo is *only* a generic manufacturer of losartan HCTZ, such that only generic losartan HCTZ is at issue in this case.

## STANDARD OF REVIEW

The Court, either "on its own" or when requested by a party who supplies "the necessary information," may take judicial notice of an adjudicative fact if it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b, c). Courts in this district, among others, have regularly taken judicial notice of federal regulatory agency materials, including publications by the U.S. Food and Drug Administration ("FDA") "because such document[s] satisfy the requirements of Rule 201." *See Stanifer v. Corin USA Ltd., Inc.*, No. 6:14-cv-1192-Orl-37DAB, 2014 U.S. Dist. LEXIS 158587, at *7-8 (M.D. Fla. Nov. 7, 2014) (collecting authorities); *Tinkler v. Mentor Worldwide, LLC*, No. 1:19-cv-23373-UU, 2019 U.S. Dist. LEXIS 223656, at *11 n.4 (S.D. Fla. Dec. 30, 2019) ("[I]t is well-settled that the Court can take judicial notice of records located on the FDA's website—a source that cannot reasonably be questioned.").

---

[3] *See* CVS Motion [Doc. 37] at 10-16.

It is appropriate for the Court to take "judicial notice at any stage of the proceeding," Fed. R. Evid. 201(d), including at the pleadings stage. *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (holding that district court properly took judicial notice a "FDA public file" at the pleading stage); *see also In re Zantac (Ranitidine) Prods. Liab. Litig.*, 510 F. Supp. 3d 1141, 1163 n.8 (S.D. Fla. 2020) (taking judicial notice of a FDA guidance manual when granting defendants' motion to dismiss); *McClelland v. Medtronic, Inc.*, No. 6:11-CV-1444-Orl-36KRS, 2012 U.S. Dist. LEXIS 152197, at *5 (M.D. Fla. Sept. 27, 2012) (taking judicial notice of FDA public records relating to the medical device at issue in the case when granting defendant's motion to dismiss).

## ARGUMENT

No person can introduce a new drug into interstate commerce until the FDA has approved an application for such drug. *See* 21 U.S.C. § 355(a). The initial drug application for FDA approval pursuant to 21 U.S.C. § 355(b) and 21 C.F.R. Part 314 is called a New Drug Application ("NDA"). *See New Drug Application (NDA)*, FDA, https://www.fda.gov/drugs/types-applications/new-drug-application-nda   (last visited Dec. 7, 2021). A manufacturer that wishes to produce a generic version of the brand-name drug approved in the NDA files an Abbreviated New Drug Application ("ANDA"), 21 U.S.C. § 355(j), which must demonstrate the generic product's chemical and biological equivalence to the brand-name drug it references. "Once approved, an applicant may manufacture and market the generic drug product to provide a safe, effective, lower cost alternative to the brand-name

drug it references." *See Abbreviated New Drug Application (ANDA)*, FDA, https://www.fda.gov/drugs/types-applications/abbreviated-new-drug-application-anda (last visited Dec. 7, 2021).[4]

By looking to FDA publications and Plaintiff's own pleadings, it is clear that CVS does not hold an NDA or ANDA for any drug product, and certainly not for the losartan drug at issue in this litigation.

## I.     CVS is a mere dispensing pharmacy of losartan.

CVS respectfully submits that dismissal is warranted as to CVS because (1) the pleadings make clear that CVS is nothing more than a dispensing pharmacy of the losartan HCTZ at issue, such that no judicial notice is required to find that Plaintiffs' claims are preempted by federal law; and (2) because FDA regulatory materials and publications, which are routinely subject to judicial notice, confirm the same. CVS is not a manufacturer of the losartan at issue and thus had no control over its labeling.

### A.     CVS is a pharmacy.

First, as the Court acknowledged during oral argument, a review of the pleadings makes clear that Plaintiff has sued CVS solely in its capacity as a dispensing pharmacy. In all of her allegations regarding CVS, Plaintiff never alleges that CVS manufactures any losartan HCTZ, let alone the drugs dispensed

---

[4] For a more detailed description of the drug application process and generic drug industry, CVS refers the Court to its Motion for Judgment on the Pleadings. *See* CVS Motion [Doc. 37] at 7-9; *see generally PLIVA v. Mensing*, 564 U.S. 604, 612 (2011) (discussing the generic drug approval process).

to Decedent Rosemarie Hernandez in this case. Rather, Plaintiff pleads that CVS operates retail pharmacies "for the purpose of dispensing and selling prescribed pharmaceuticals," Compl. [Doc. 1-1] ¶ 12, and that CVS is "in the business of distributing and selling pharmaceuticals[.]" *Id.* ¶ 78. Plaintiff specifically alleges that Decedent "filled her prescription for [losartan] with Defendant CVS[.]" ¶ 18. In its Answer, CVS admitted it operates retail pharmacies and dispenses pharmaceutical drugs to consumers in accordance with valid prescriptions. CVS Answer [Doc. 32] ¶¶ 12, 78.

Thus, based on the pleadings alone, there is sufficient basis for the Court to find that CVS is not a manufacturer of any prescription drug, let alone the drug at issue in this case, and to find Plaintiff's claims preempted. In addition to the pleadings, however, FDA materials subject to judicial notice provide further support for this finding.

**B.    CVS is not the NDA holder or an ANDA holder for losartan.**

There are various FDA publications that establish that CVS is not a manufacturer of any losartan product and that the product alleged in this case is a generic version of losartan. These FDA materials and the contents therein, which are readily available and accessible via FDA's website and databases, are subject to judicial notice because they contain information which can be accurately and readily determined, and because they come from a source (the FDA website and Orange Book) the accuracy of which cannot reasonably be questioned *See Stanifer*,

2014 U.S. Dist. LEXIS 158587, at *7-8; *Tinkler*, 2019 U.S. Dist. LEXIS 223656, at *11 n.4 (S.D. Fla. Dec. 30, 2019) ("[I]t is well-settled that the Court can take judicial notice of records located on the FDA's website—a source that cannot reasonably be questioned.").

The FDA's Approved Drug Products with Therapeutic Equivalence Evaluations (also known as the Orange Book), "identifies drug products approved on the basis of safety and effectiveness by the [FDA] under the [FDCA.]" *Resources for Information: Approved Drugs*, FDA, https://www.fda.gov/drugs/drug-approvals-and-databases/resources-information-approved-drugs (last visited on Dec. 7, 2021). The FDA publishes the Orange Book online. *See* https://www.accessdata.fda.gov/scripts/cder/ob/index.cfm (last visited Dec. 7, 2021); *In re Wellbutrin SR/Zyban Antitrust Litig.*, 281 F. Supp. 2d 751, 754 n.2 (E.D. Pa. 2003) ("Courts have defined a public record to include published reports of administrative bodies. The fact that an agency report is "published" on the world wide web does not affect the Court's ability to take judicial notice of the contents of that report." (internal citations omitted)).

A straightforward search of the Orange Book reveals that CVS is not listed as the manufacturer of any prescription drug—let alone any form of losartan. If one searches for losartan under "Proprietary Name, Active Ingredient or Application Number," the Orange Book lists 116 entries of losartan-containing drugs. *See Search Results for Proprietary Name, Active Ingredient or Application Number: losartan*, FDA, attached as **Exhibit 1-A**. None of these 116 entries list CVS as the

applicant holder—NDA or ANDA. *Id*. If one instead searches by "Applicant (Company)," and uses "CVS" as the search, there are no results, indicating that CVS is not the manufacturer of any FDA-regulated prescription drug. *See Search Results for Applicant: CVS*, FDA, attached as **Exhibit 1-B**.

The list of 116 losartan entries shows that the applicant holder for the reference listed drug ("RLD")—or, in simpler terms, the branded drug—losartan HCTZ, Hyzaar©, is Organon LLC. *See* **Exhibit 1-A**. Organon is the NDA holder of Hyzaar©. *See Product Details for NDA 020387*, FDA, https://www.accessdata.fda.gov/scripts/cder/ob/results_product.cfm?Appl_Typ e=N&Appl_No=020387# (last visited Dec. 7, 2021), attached as **Exhibit 1-C**. In comparison, Aurobindo, the alleged manufacturer of the drug in this case, is listed as an ANDA holder of losartan HCTZ 50-12.5mg. *See* **Exhibit 1-A**; *see also Product Details for ANDA 091629*, FDA, https://www.accessdata.fda.gov/scripts /cder/ob/results_product.cfm?Appl_Type=A&Appl_No=091629# (last visited Dec. 7, 2021), attached as **Exhibit 1-D**.

The FDA further publishes drug information in its public regulatory drug database, Drugs@FDA. *See Drugs@FDA: FDA-Approved Drugs*, FDA, https://www.accessdata.fda.gov/scripts/cder/daf/index.cfm (last visited Dec. 7, 2021). A search for "losartan" on this database again shows that CVS is not the holder of either an NDA, or an ANDA, for any version of losartan. *See Drugs@FDA Search Results for "losartan"*, attached as **Exhibit 1-E**.

8

These FDA listings provide the Court with information that can be "accurately and readily determined" and that is from "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Because CVS has supplied the necessary information, the Court should take judicial notice of the adjudicative fact that CVS is not a manufacturer of any losartan product, including the losartan at issue in this case, and that the losartan at issue in this case is a generic drug. Fed. R. Evid. 201(c)(2).

## CONCLUSION

For these reasons, CVS respectfully requests the Court take judicial notice that it is a mere dispensing pharmacy and not a manufacturer of any losartan drug.

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

Undersigned counsel, pursuant to Local Rule 3.01(g), hereby certify that Plaintiff's Counsel and Defendant's Counsel conferred via electronic mail on December 6, 2021, and that Plaintiff has no position on the relief requested herein.

December 7, 2021                                   Respectfully submitted,

BY:      **/s/ *Robert C. Folland***
         **BARNES & THORNBURG LLP**
         ROBERT C. FOLLAND
         Florida Bar No. 1007951
         4540 PGA Blvd., Ste. 208
         Palm Beach Gardens, Florida 33418
         Phone: (561) 473-7560
         Fax: (561) 473-7561
         Email: rob.folland@btlaw.com

9

KRISTEN RICHER (*pro hac vice*)
California Bar No. 315883
2029 Century park East, Suite 300
Los Angeles, California 90067
Phone: (310) 284-3896
Fax: (310) 284-3894
Email: kristen.richer@btlaw.com

ATTORNEYS FOR DEFENDANT
CVS PHARMACY, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December, 2021, I electronically filed

the foregoing with the Clerk of Court by using the CM/ECF system, which will serve

notice on all parties of record.

*s/ Robert C. Folland*
ROBERT C. FOLLAND